THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* WILLIAM T. BURGESS, plaintiffs in error, *v.* ALBERT PERCELLS, defendant in error.

*Error to Boone.*

A. was duly elected a justice of the peace, and, within twenty days thereafter, filed his official bond in compliance with the statute in such case made and provided, except that the condition thereof omitted to recite the following requirement: "and that he will well and truly perform all and every act and duty enjoined on him by the laws of this State to the best of his skill and abilities." After the expiration of twenty days aforesaid, he filed a new bond with other securities, containing the provision omitted to be stated in the first: *Held,* that the first bond was insufficient, that the second was not filed within the time required by the Statute, and that, therefore, the office became vacant.

The Clerk of the County Commissioners' Court may decide judicially what shall be the penalty of the justice's bond at any sum between five hundred and one thousand dollars, and also upon the sufficiency of his securities. But the conditions of the bond are fixed by law, and are beyond his discretion or control.

The proper practice in informations in the nature of *quo warranto* is, for the defendant to plead, instead of answering to the same.

INFORMATION in the nature of *Quo Warranto* against the defendant in error, questioning his right to hold the office of justice of the peace of Belvidere precinct in the county of

---

*A petition for a re-hearing was filed in this case and *denied.*

Boone. The cause was heard in the Circuit Court of that county before the Hon. Thos. C. Browne, at the September term 1846, upon a demurrer to the defendant's answer. The demurrer was overruled, the information dismissed, and costs awarded to the defendant against the Relator, who brought the case to this Court by writ of error.

The case was submitted to the Court upon the written arguments of

*S. A. Hurlbut* and *W. T. Burgess,* for the Prosecution, and of

*J. L. Loop* and *F. B. Hamlin,* for the defendant in error.

The Opinion of the Court was delivered by

PURPLE, J.* At the September term of the Boone county Circuit Court, A. D. 1846, the plaintiff filed an information in the nature of a *quo warranto* against the defendant, questioning his right to hold the office of justice of the peace of Belvidere precinct, in said county.

The information shows that the defendant was duly elected a justice of the peace of the precinct aforesaid, on the 25th day of October, A. D. 1845. That on the 4th day of November, A. D. 1845, he filed his official bond in compliance with the requisitions of the 10th section of the Revised Statutes of 1845, concerning justices of the peace and constables, except that the condition thereof omitted to recite: "and that he will well and truly perform all and every act and duty enjoined on him by the laws of this State, to the best of his skill and abilities." That by his neglect to comply with this provision of the statute, the office became vacant. Notwithstanding which, the defendant has entered upon and continues to execute the duties of said office.

The answer of the defendant admits the statements in the information to be true; and shows further, that the defendant, on the 24th day of December, A. D. 1845, at the request of

---

*Justice YOUNG was absent and took no part in the decision.

his securities in his original bond, filed a new one, with other securities, containing in its condition the statutory provision which had been omitted in the first, and in all respects, except in regard to the time of filing in conformity to the statute before referred to.   Both these bonds were in due form of law approved by the clerk of the County Commissioners' Court.

The plaintiff demurred to the defendant's answer.   The defendant joined in the demurrer.   Upon the hearing, the Court overruled the demurrer, dismissed the information and awarded the defendant his costs against the Relator.   The plaintiff seeks to reverse this judgment.

Two questions are presented by the record: *first,* whether the bond filed by the defendant on the 4th day of October, A. D. 1845, was in˙substance the bond required by the statute: *second,* whether, if the same is substantially defective, such defect has been cured by the filing of the second bond.   A consideration of the law and the reasons which influenced the Legislature in its passage, must determine these questions.

The Act concerning justices of the peace and constables, &c., R. S., § 10, provides that "every justice of the peace, before entering upon the duties of his office, shall execute and deliver to the clerk of the County Commissioners' Court of his county, and within twenty days after his said election, a bond, to be approved by said clerk, with one or more good and sufficient securities in the sum of not less than five hundred nor more than one thousand dollars; conditioned that he will justly and fairly account for and pay over all moneys that may come to his hands under any judgment or otherwise, by virtue of his said office; and that he will well and truly perform all and every act and duty enjoined on him by the laws of this State, to the best of his skill and abilities."

The 12th section of the same Act further provides, that "if any justice of the peace or constable shall not, within twenty days after his election or appointment, take the oath and give bond as aforesaid, the said justice or constable shall not be permitted after that time to be so qualified, or to take his

said office; but the said office shall be considered as vacant, and shall be filled accordingly."

The conditions of the defendant's bond, of the 4th of October, 1845, are not substantially in accordance with the law. The variance is most material. The justice and his sureties are only bound that he will pay over such money as he shall collect as justice of the peace, while the obligation which the law imposes, "that he will well and truly perform all and every act and duty enjoined on him by the laws of this State, to the best of his skill and abilities," constitutes no portion of the condition of the bond.

The security required to be given by a justice of the peace was not alone designed for the protection of citizens and suitors, for whose use he might receive money, but generally for the protection of the people against any acts of misfeazance, malfeazance or nonfeazance of such justice.

It is the manifest duty of every justice of the peace, upon proper application, to issue a summons, *capias*, execution or other legal process within his jurisdiction, but his refusal to do so would be no breach of any condition in this bond; and the party who, by such refusal, should lose his debt, would be remediless, unless the magistrate should chance to be personally of sufficient ability to respond in damages. Forasmuch, then, as property qualifications for office are somewhat, and perhaps justly, odious in a government, the foundation of which is equality of rights, the Legislature, having in view this fundamental principle, designed to distribute those offices, essential and necessary for the maintenance of order and law, and the preservation and perpetuation of the constitution of the country, equally among the poor and rich, according to their respective merits, and at the same time to afford protection to any and every citizen who might be injured by the act or omission of any such officer who might be personally irresponsible.

This bond is clearly defective in substance; it is not the bond required by the statute. The most essential and important part of the condition is wanting, and the justice and his sureties are only answerable upon it for the performance

The People *v.* Percells.

of a single duty.   For neglect or refusal to perform every other, it furnished no security.

If the conditions which were inserted, had been omitted, and those omitted had been incorporated into the bond, it would have been sufficient, for the reason that the obligation "to perform all and every duty enjoined on him by law," would have included the duty to pay over money received by the justice in his official capacity.   But is this defect cured by the filing of the subsequent bond on the 24th December, 1845, more than twenty days after the election of the defendant as justice of the peace?   It is not.   The statute prescribes the particular condition of the bond to be filed, the time within which it is to be done, and expressly declares that if the justice shall not, within the twenty days after his election, take the oath and give the bond as aforesaid, he shall not be permitted after that time, to be so qualified or to take said office; but the said office shall be considered vacant, and filled accordingly.

The filing of a bond with the proper and legal conditions, more than twenty days subsequent to the election, confers no right upon the defendant to hold the office.   Immediately upon the expiration of the twenty days, by express law, it became vacant.   It could only be filled by an election.   The execution and filing of the bond, with substantially such conditions as the statute prescribes, constituted a condition precedent to the defendant's right to hold the office.   And although the bond filed by him after the vacancy had occurred, will be obligatory upon him and his securities as an indemnity against any misconduct of his under color of office, it cannot operate to invest him with an office which had become vacant through his negligence or inattention.

Neither is it true, as is contended by the defendant's counsel, that the approval of the bond by the clerk of the County Commissioners' Court is such a judicial act as is conclusive of the defendant's right.   The clerk may decide judicially what shall be the penalty of the justice's bond at any sum between five hundred and one thousand dollars, and also upon the sufficiency of his securities.   The conditions of the bond are fixed by law and are beyond his discretion or control.

In disposing of this case, it is deemed proper to remark that the proper practice in *informations* of this sort is, for the defendant to *plead* instead of answering to the same; and that the answer of the defendant has been treated as a plea in this decision, and the technical distinction between the two been disregarded.

The judgment of the Circuit Court of Boone county is reversed, and judgment entered in this Court, that the defendant is guilty of usurping, and intruding into, and unlawfully holding, and exercising the office of justice of the peace for Belvidere precinct, in the county of Boone, in the State of Illinois; and it is further adjudged that the said defendant be ousted and altogether excluded from the said office, and that the Relator recover his costs, both in this Court and in the Court below, and that execution from said Courts respectively issue therefor.

*Judgment reversed.*